IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHYNELOPHA ALLENE JOHNSON, | |
| Plaintiff, | |
| v. | Case No. 19-CV-00426-SPM |
| SHAWN MEYERS, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Former-plaintiff Phillip Osborne initiated this action on April 16, 2019 (Doc. 1). Following his death, the Administrator of his estate, Phynelopha Allene Johnson, became the named plaintiff (Doc. 36). This matter comes before the Court for consideration of Defendant Shawn Meyers'[1] Motion for Summary Judgment (Doc. 56). Plaintiff Johnson filed a response to Defendant's motion (Doc. 65) and Meyers replied (Doc. 67). For the reasons set forth below, the Court grants the motion for summary judgment.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This case centers around the alleged mistaken identity of a drug dealer after several controlled drug purchases utilizing a confidential source. Johnson alleges that Osborne was falsely arrested and detained for seven days in Pulaski County, Illinois (on behalf of Alexander County, Illinois) based on an affidavit that lacked

---

[1] In the Complaint, the Defendant's last name is spelled "Meyers," however, it appears from his deposition that his name is spelled "Myers."

probable cause. The affiant, Officer Myers with the Illinois State Police, had conducted several controlled purchases of crack cocaine at a house in Cairo, Illinois through a confidential source. At the beginning of the investigation, the informant did not know the identity of the seller. Myers later stated in his affidavit that the seller was Osborne. Osborne was arrested and charged with six counts of unlawful delivery of a controlled substance, but those charges were eventually dismissed. Osborne then filed this suit, asserting false imprisonment under 42 U.S.C. § 1983 against Myers and liability under § 1983 and *Monell* against both Alexander and Pulaski County, Illinois. The count against Alexander and Pulaski County was later dismissed (Doc. 30). Myers then moved for summary judgment (Doc. 38). The parties set forth the following undisputed facts:

Through Myers' investigation, an individual in a house in Cairo sold crack cocaine to a confidential source on at least seven occasions. The purchases were captured on video, and the likeness of the seller can be seen on the video. To get to his conclusion that Osborne was the seller, Myers stated in his declaration that he obtained a name, ran that name through a database to obtain the individual's driver's license photograph, compared the photograph with the video from the purchases, and presented the photograph to the confidential source for another layer of verification (Doc. 58-2, p. 10).

In his deposition, Myers stated that the person he saw in the video was Osborne (Doc. 58-1, pp. 35, 39). Like in his declaration, he then detailed the steps he took to get to that conclusion (*Id.* at 36-40). As a part of that testimony, Myers stated that the confidential source that he relied on, which he developed a year or more

before the purchases, "emphatically, unequivocally" identified Osborne as the seller after looking at his driver's license photograph (*Id.* at 35, 44).

## APPLICABLE LAW AND LEGAL STANDARDS

Summary judgment is the moment in a lawsuit where a party lays its proverbial cards on the table, showing what evidence it possesses to convince a trier of fact to agree with its version of events. *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)). Summary judgment is only appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (*quoting* FED. R. CIV. P. 56(a)). That "burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere conclusory allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Celotex*, 477 U.S. at 232-24.

In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Spath v. Hayes Wheels Intern.-Indiana, Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). While the Court must view the evidence and draw all reasonable

inferences in favor of the opposing party, "[i]nferences and opinions must be grounded on more than flights of fancy, speculations, hunches, intuitions, or rumors[.]" *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *Rand v. CF Industries, Inc.*, 42 F.3d 1139, 1146 (7th Cir. 1994); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323. Furthermore, when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Henning v. O'Leary,* 477 F.3d 492, 496 (7th Cir. 2007).

## ANALYSIS

"A claim of false arrest is an allegation that a plaintiff was arrested without probable cause, in violation of the Fourth Amendment." *Hurt v. Wise*, 880 F.3d 831, 841 (7th Cir. 2018) (citation omitted). "The existence of probable cause to arrest is an absolute defense to any § 1983 claim against a police officer for false arrest or false imprisonment." *Abbott v. Sangamon Cty.*, 705 F.3d 706, 713–14 (7th Cir. 2013) (citing *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). "Probable cause to justify an arrest exists if the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed . . . a crime." *Id.* at 714 (citing *Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012).

Probable cause "is a fluid concept that relies on the common-sense judgment of the officers based on the totality of the circumstances." *Williams v. City of Chicago*, 733 F.3d 749, 756 (7th Cir. 2013) (internal quotation marks omitted). "Probable cause is only a probability or substantial chance of criminal activity, not a certainty that a crime was committed." *Beauchamp v. City of Noblesville,* 320 F.3d 733, 743 (7th Cir. 2003). "In determining whether information submitted to a judicial officer in support of a warrant application was sufficient to establish probable cause, we look only at what the officer knew at the time he sought the warrant, not at how things turned out in hindsight." *Id.*

While the existence of probable cause is often a jury question, "summary judgment is appropriate when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them." *Qian v. Kautz*, 168 F.3d 949, 953 (7th Cir. 1999); *Lanigan v. Vill. of East Hazel Crest*, 110 F.3d 467, 473 (7th Cir. 1997).

Johnson insists that the identification of Osborne as the seller at the house was incorrect and provides a picture of Osborne several years later as proof that Myers misidentified Osborne (Doc 65-2). Myers states that this picture was not produced in discovery (Doc. 67, p. 2). Johnson also states that during the time that the videos were taken, Osborne was in Michigan and South Carolina. She asserts that he had not lived in Cairo since he was a small child and that, while the seller had a mustache, Osborne did not have facial hair at the time of the purchases. Whether or not the seller resembled Osborne's picture or whether Osborne had not lived in Cairo in years are not the issues here. Even if the Court were to consider

this evidence, it does not bear fruit because the Court looks only to what the officer knew at the time he sought the warrant. The Court, and the factfinder for that matter, cannot armchair quarterback Myers. The pivotal question is whether a reasonable officer would have *reason to believe* that Osborne, based on the information at the time, was the seller.

Several circumstances made it reasonable for Myers to believe that Osborne was the seller. The purchases were captured on video, and the likeness of the seller is visible. To identify Osborne as the seller, Myers stated in his declaration that he obtained Osborne's name, obtained his driver's license photograph, compared the photograph with the video from the purchases, and presented the photograph to the confidential source for another layer of verification. These steps would lead a reasonable officer to believe that he had the right man. Johnson simply has not presented any admissible evidence showing that Myers falsified any statements that were included in the affidavit.

Even if the Court had concluded that probable cause did not exist, qualified immunity applies. Qualified immunity shields "government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The doctrine "balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id*. It protects an official from suit "when she makes a decision that, even if constitutionally deficient, reasonably

misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). "[T]he Court must determine whether a reasonably competent official would know that the conduct was unlawful in the situation he confronted." *Burritt v. Ditlefsen*, 807 F.3d 239, 249 (7th Cir. 2015) (internal quotation omitted).

"Although closely related, a determination of actual probable cause is separate and distinct from a determination of what is sometimes referred to as 'arguable probable cause' for qualified immunity purposes." *Burritt*, 807 F.3d at 250. "An officer is entitled to qualified immunity if a reasonable officer could have mistakenly believed that probable cause existed." *Id*. (internal quotation omitted). "Thus, as long as [the officer] reasonably, albeit possibly mistakenly, believed that probable cause existed to arrest [the plaintiff], then [the officer] is entitled to qualified immunity." *Id*. (internal quotation omitted). "The fact that criminal charges are eventually dropped . . . has no consideration in the determination of arguable probable cause at the time of arrest." *Id.* at 249. Based on the processes used in determining the identity of the seller as Osborne, even if probable cause did not exist, the Court finds that a reasonable officer could have mistakenly believed that probable cause existed. Therefore, in the alternative, Myers would be entitled to qualified immunity.

## Conclusion

For the reasons set forth above, the Court **GRANTS** Defendant Shawn Meyers' Motion for Summary Judgment (Doc. 56). Plaintiff Phynelopha Allene Johnson's claim against Myers is **DISMISSED with prejudice**. All pending motions are **DENIED as MOOT**. The Court **DIRECTS** the Clerk of Court to enter

judgment accordingly.

    **IT IS SO ORDERED.**

    **DATED:**   December 6, 2021

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
